```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ROBERT ALLEN TRIBBLE, JR.,

                  Petitioner,

vs.                                 Case No. 2:09-cv-477-FtM-29SPC

COLLIER COUNTY SHERIFF; LIZA J. STACY Extradition Coordinator,

                  Respondents.
_____

## ORDER OF DISMISSAL

Petitioner ("Tribble" or "Petitioner") initiated this action by filing *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition) on July 24, 2009. The Court has conducted a preliminary review of the Petition as required by Rule 4, Rules Governing Section 2254 Cases (2009), and concludes that the Petition is subject to dismissal without service upon Respondents.

Petitioner, a federal prisoner who is currently serving a sentence in a federal correctional facility in Illinois, challenges a state warrant issued on June 23, 2004, which was lodged against him in case number 04-1877-CFAVM, Collier County, Florida. See generally Petition. Petitioner contends that the State of Florida has failed to comply with the time requirements set forth in the

Interstate Agreement on Detainers Act (IADA). Petition at 5.[1] Petitioner attaches to his Petition the following exhibits: (1) a copy of the Federal Bureau of Prisons letter dated November 12, 2008,to Florida State Attorney, Stephen Russell, advising that Tribble "has requested disposition of pending charges" pursuant to the IADA, requesting "action to be taken under Article III of the IADA," and offering temporary custody of Tribble for this purpose (Doc. #1-2 at 1-3); and (2) a June 3, 2009 letter from Liza J. Stacy, Extradition Coordinator, Collier County Sheriff's Office, to Art Buchanan at FCI, Otisville, advising him that State officials "will be releasing [their] detainer" on Tribble but that Tribble's "warrant will remain active in NCIC" (Doc. #1-2 at 4). Petitioner identifies the November 12, 2008 letter written by the Bureau of Prisons as the "Administrative Remedy Procedure" he utilized, but does not aver that he has filed any action in State court to exhaust his administrative remedies with regards to this issue. Petition at 3. Petitioner claims that the subject warrant is "preventing [his] RELEASE into the Community Corrections Center (Halfway House)." Id. at 6 (emphasis and parenthesis in original). As relief, Petitioner requests that this Court release him from "any warrants and/or complaints and/or criminal charges in Collier

---

[1]The page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system.

County Florida" as a result of the State's "non-compliance" with the IADA. Id. at 7.

Federal habeas relief is available under 28 U.S.C. § 2241 for a petitioner who claims to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The IADA is a congressionally sanctioned interstate compact and is thus, a "law . . . of the United States." See Seymore v. State of Alabama, 846 F.2d 1355, 1358-59 (11th Cir. 1988). The Act affords a prisoner incarcerated in one state the right to demand a speedy disposition of "any untried indictments, informations or complaints" that is the basis of a detainer lodged against him by another state. Carchman v. Nash, 473 U.S. 716, 720 (1985); see also Hunter v. Samples, 15 F.3d 1011, 1012 (11th Cir. 1994). Assuming that the warrant at issue is a detainer[2] for purposes of the IADA, the Court finds that the Petition is nonetheless required to be dismissed.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -(A) the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Section 2254's exhaustion requirement is

---

[2]"A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner us imminent." Carchman, 473 U.S. at 719.

also applicable to petitions filed pursuant to § 2241(c)(3). Dill v. Holt, 371 F.3d 1301, 1302 (11th Cir. 2004). In addressing the exhaustion requirement in O'Sullivan v. Boerckel, the Supreme Court held that:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

526 U.S. 838, 845 (1999). To circumvent the exhaustion requirement, Petitioner must establish that there is an "absence of available state corrective process" or that "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B). Petitioner makes no such showing here. Indeed, Petitioner can raise the claims he raises in the instant Petition in the appropriate State circuit court, and avail himself of at least one round of the appellate review process, if necessary.

Because exhaustion is a statutory requirement, the deficiency cannot be cured by permitting Petitioner an opportunity to amend his Petition. Thus, the Court will dismiss the Petition, without prejudice, to permit Petitioner an opportunity to exhaust his State court remedies.

ACCORDINGLY it is hereby

**ORDERED:**

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) is **DISMISSED**, without prejudice.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __27th__ day of August, 2009.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record